LAWRENCE G. BROWN
United States Attorney
WILLIAM S. WONG
JASON HITT
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CASE NO. CR S-99-433 WBS |
|---|---|---|
| Plaintiff, | ) | GOVERNMENT'S MOTION TO RESCIND DEFENDANT HOANG AI LE'S WRIT OF HABEAS CORPUS AD PROSEQUENDUM |
| v. | ) | |
| HOANG AI LE, | ) | Date: September 11, 2009 |
| Defendant. | ) | Time: |
| | ) | Ctrm: Hon. William B. Shubb |

The United States of America, through its counsels of record, Lawrence G. Brown, United States Attorney for the Eastern District of California, and William S. Wong and Jason Hitt, Assistant U.S. Attorneys, hereby submits this motion to rescind the Court's order granting defendant's Writ of Habeas Corpus Ad Prosequendum.

On September 10, 2009, defendant Hoang Ai Le filed an application for a Writ of Habeas Corpus Ad Prosequendum which this court signed on the same day.  Defendant Le was indicted and convicted in the Northern District of California for a count of Hobbs Act Robbery (18 U.S.C. § 1951) and for the use of a firearm during that robbery (18 U.S.C. § 924(c)(1)).  That conviction was by jury trial in the year 2000. Defendant Le was sentenced by the Honorable Marilyn Patel in 2001.

1  The defendant filed an appeal of his conviction and judgment to the
2  Ninth Circuit Court of Appeals which affirmed his convictions, but in
3  light of United States v. Booker, 543 U.S. 420 (2005), remanded the
4  case to the district court for resentencing per United States v.
5  Ameline, 409 F.3d 1073 (9th Cir. 2005).  The Ninth Circuit Court of
6  Appeals remanded the case back to the district court in the Northern
7  District for resentencing nearly one year half prior to the defendant
8  and his co-defendant's jury trial before this Court in United States
9  v. Luong, et al., CR S-99-433 WBS.
10     Due to the fact that defendant Le and his co-defendants were
11 pending trial in this Court, they opposed the return to the Northern
12 District for resentencing citing the need to prepare for trial which
13 began in September 2007.  Since defendant Le's conviction for Hobbs
14 Act Robbery and the use of a firearm in this Court in December of
15 2007, he has resisted "tooth and nails" from being sentenced first in
16 the Northern District even though he was convicted there first,
17 sentenced there first, and his direct appeal and remand occurred there
18 prior to his conviction by jury trial in this Court.
19     The AUSA in the Northern District, Robert Rees, has advised that
20 Judge Patel has stated in court that it was legally proper for the
21 defendants in that case to be sentenced in the Northern District prior
22 to their sentencing in this Court and is prepared to do so.  The
23 sentencing in Judge Patel's court was originally set in March of 2009.
24 After numerous requests by defendant Le and his co-defendants, Judge
25 Patel granted delays for additional time to be sentenced.  The
26 resentencing in front of Judge Patel is now set for defendant Le on
27 October 1, 2009.  Defendant Le is obviously trying to manipulate this
28 Court into sentencing him first in the Eastern District to avoid

having this Court impose a consecutive sentence for his convictions in the Eastern District.  In short, defendant Le is attempting to manipulate his sentencing dates in both districts so he can be sentenced first in the Eastern District in hopes that Judge Patel would run the Northern District's sentence concurrent to that of the Eastern District.  This, the government opposes strongly.

The government respectfully requests that this Court rescind its order to have defendant Le transported from San Francisco until he has been sentenced on October 1, 2009, and to reschedule his judgment and sentencing date to mid-October 2009.  Defendant Le should and must be sentenced in the Northern District first because he was convicted there and the appellate remand for resentencing occurred prior to his jury trial in this Court.  Accordingly, the order for a Writ of Habeas Corpus Ad Prosequendum should be rescinded so that the defendant can be sentenced in San Francisco on October 1, 2009, and to avoid unnecessary transportation, this defendant's judgment and sentencing date of September 21, 2009, be vacated and rescheduled to a date in mid-October 2009.

```
                                    Respectfully submitted,

                                    LAWRENCE G. BROWN
                                    United States Attorney

Date: September 11, 2009      By:   /s/ William S. Wong
                                    WILLIAM S. WONG
                                    Assistant U.S. Attorney

Date: September 11, 2009      By:   /s/ Jason Hitt
                                    JASON HITT
                                    Assistant U.S. Attorney
```

**ORDER**

The above motion to rescind the order granting the defendant's application for a Writ of Habeas Corpus Ad Prosequendum is DENIED.

DATE: September 14, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4