UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| UNITED STATES OF AMERICA, | CR. NO. 2:99-00433 WBS |
|---|---|
| Plaintiff, | ORDER RE: DEFENDANT'S MOTION TO DISMISS COUNT NINE |
| v. | |
| HOANG AI LE, | |
| Defendant. | |

----oo0oo----

Presently before the court is defendant Hoang Ai Le's motion to dismiss count nine of the Indictment pursuant to Federal Rules of Criminal Procedure 12(b)(2) and 12(b)(3) in light of the recent Supreme Court decision, Johnson v. United States, 135 S. Ct. 2551 (2015). (Docket No. 1692.)

A jury found Le guilty of count eight, conspiracy to commit a robbery affecting interstate commerce, 18 U.S.C.

1

1  § 1951(a), and count nine, use of a firearm during a crime of
2  violence, 18 U.S.C. § 924(c).  This court sentenced Le to 100
3  months of imprisonment on count eight and 240 months on count
4  nine, to be served consecutively, for a total of 340 months.
5  (Docket No. 1410.)  There were several co-defendants also
6  charged, convicted, and sentenced in this case.
7           On direct appeal, the Ninth Circuit affirmed the
8  convictions on counts eight and nine.  (Ninth Cir. Mandate at 4,
9  6 (Docket No. 1624).)  The Ninth Circuit remanded only with
10 respect to counts with which Le was not charged.  As a result,
11 the Ninth Circuit remand did not affect Le's sentence and his
12 case is no longer pending in this court.  See Clay v. United
13 States, 537 U.S. 522, 525, 527 (2003) (finding a judgment of
14 conviction becomes final in the context of post-conviction relief
15 when the Supreme Court affirms the conviction and sentence on the
16 merits or denies a timely filed petition for certiorari, or when
17 the time for seeking certiorari review expires); United States v.
18 Rios-Hernandez, Cr. No. 3:93-00091 HDM, 2013 WL 4857952, at *1
19 (D. Nev. Sept. 10, 2013) (holding a "case is no longer 'pending'
20 within the meaning of Rule 12(b) after the judgment becomes
21 final.").  The court accordingly finds that Le's claim is not
22 cognizable on a motion to dismiss pursuant to Rules 12(b)(2) and
23 12(b)(3).
24          Although the Supreme Court held today that Johnson is
25 retroactive to cases on collateral review, see Welch v. United
26 States, 578 U.S. ___ (Apr. 18, 2016) (No. 15-6418), this court
27 expresses no opinion as to the merits of Le's claim should he
28 decide to file a habeas petition.

2

IT IS THEREFORE ORDERED that Le's motion to dismiss (Docket No. 1692) be, and the same hereby is, DENIED without prejudice.

Dated:  April 18, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE