UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HOANG AI LE,<br><br>Defendant. | No. 2:99-cr-433 WBS<br>No. 2:16-cv-1090 WBS AC<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Before the court is the government's Motion for Clarification, for Stay of Proceedings, and in the alternative, for Extension of Time (ECF No. 1738). Defendant's pro se Motions to Vacate, Set Aside or Correct the Sentence under 28 U.S.C. § 2255 (ECF Nos. 1706 and 1717) have been referred to the undersigned by the presiding U.S. District Judge. See ECF No. 1737. For the reasons that follow, the undersigned recommends that the §2255 motions be stricken. The government's motion is therefore denied as moot.

BACKGROUND

Defendant Hoang Ai Le and others were charged by indictment with offenses including conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count 8), and using a firearm to commit a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Count 2). On March 8, 2010, defendant was sentenced to a total aggregate sentence of 340 months. On appeal the Ninth Circuit affirmed in part and reversed in part, remanding with instructions to vacate the

1

convictions and consecutive sentences on Count 2, which was based on conduct also included in Count 3.[1]  The convictions and sentences on all other counts were affirmed.  ECF No. 1624.

On remand, two of Mr. Le's co-defendants moved for dismissal of all counts charged under § 924(c), pursuant to United States v. Johnson, 135 S. Ct. 2551 (2015) (holding 18 U.S.C. § 924(e), the residual clause of the Armed Career Criminal Act (ACCA), facially void for vagueness).  The defendants' motion was granted, ECF No. 1659, and the government's motion for reconsideration was denied, ECF No. 1668.  The government then appealed, ECF No. 1670, and the case was stayed as to defendants Minh Huynh and Thongsouk Theng Lattanaphon only.  ECF No. 1671.

On March 2, 2016, attorney Arthur Pirelli was appointed to represent defendant Le "for Johnson+ matters, further proceedings in district court, and any resulting appeal."  ECF No. 1677.  On March 29, 2016, defendant Le, though counsel, moved to dismiss Count 9 (charging violation of § 924(c)) pursuant to Johnson.  The motion was denied without prejudice.  ECF No. 1696.  The district judge ruled that the motion was outside the scope of remand as to Mr. Le, and therefore could not be considered.  Id.  The court "expresse[d] no opinion as to the merits of Le's claim should he decide to file a habeas petition."  Id. at 2.  Defendant appealed the ruling.  ECF No. 1699.

Shortly after counsel filed Mr. Le's Notice of Appeal, the Clerk's Office docketed a pro se "Motion to Adopt or Join All Co-Defendants Motions to Dismiss All 18 U.S.C. § 924(c) Counts."  ECF No. 1705.  That motion was denied for the same reasons that the previous Johnson motion, brought by counsel, had been denied.  ECF No. 1709.  Two pro se § 2255 motions followed, both of which present Johnson claims only.  ECF Nos. 1706, 1717.

DISCUSSION

The government seeks a stay of these § 2255 proceedings in light of defendant's pending appeal of the district court's denial of his motion to dismiss Count 9.  The Ninth Circuit has repeatedly noted that "a district court should not entertain a habeas corpus petition while there is

---

[1] Count 3 charged defendant with causing death by use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(i)(1).

2

an appeal pending." United States v. Deeb, 944 F.2d 545, 548 (9th Cir. 1991) (quoting Feldman v. Henman, 815 F.2d 1318 (9th Cir. 1987)). This rule serves the interest of judicial economy. See Black v. United States, 269 F.2d 38, 41 (9th Cir. 1959). While a district court possesses the authority to entertain a section 2255 motion while a defendant's appeal is still pending, the Ninth Circuit has made clear that this authority should be exercised only in the "most unusual circumstances." Jack v. United States, 435 F.2d 317, 318 (9th Cir. 1970); see also United States v. Taylor, 648 F.2d 565, 572 (9th Cir.) ("The District Court may entertain a collateral motion during the pendency of a direct appeal if 'extraordinary circumstances' outweigh the considerations of administrative convenience and judicial economy.").

The record here suggests no extraordinary or unusual circumstances. Considerations of administrative convenience and judicial economy weigh strongly in favor of awaiting resolution of Mr. Le's appeal before addressing any collateral challenges to his conviction. A stay, however, is not necessary or appropriate in this case. A stay would hold proceedings in abeyance pending appeal, while leaving the § 2255 petition(s) on the docket for resumed proceedings upon resolution of the appeal. Here, Mr. Le's pro se § 2255 petitions are not properly filed and should be stricken regardless of the status of his appeal.

Mr. Le is represented by appointed counsel for all matters related to the validity of his § 924 convictions under Johnson. ECF No. 1677. "A criminal defendant does not have the right to simultaneous self-representation *and* the assistance of counsel." United States v. Bergman, 813 F.2d 1027, 1030 (9th Cir.) (emphasis in original); see also United States v. Olano, 62 F.3d 1180, 1193 (9th Cir. 1995) (holding that a criminal defendant does not have the right to proceed pro se when represented by counsel). "Whether to allow hybrid representation, where the accused assumes some of the lawyer's functions, is within the sound discretion of the judge." United States v. Williams, 791 F.2d 1383, 1389 (9th Cir. 1986) (citation omitted).

By filing substantive pleadings pro se, defendant has engaged in hybrid representation without prior authorization. Consideration of pro se motions in this case, in light of the important but narrow legal issues presented and the procedural complexity of the case, would defeat the purpose of appointment of counsel and unduly burden the court. Accordingly, the court should

strike the pro se motions and direct defendant to refrain from further pro se filings seeking relief under Johnson.  See Abdullah v. United States, 240 F.3d 683, 686 (8th Cir. 2001) ("A district court has no obligation to entertain pro se motions filed by a represented party."); United States v. Tracy, 989 F.2d 1279, 1285 (1st Cir. 1993) ("A district court enjoys wide latitude in managing its docket and can require represented parties to present motions through counsel").

Mr. Pirelli remains defendant's appointed counsel for all Johnson-related matters until he is relieved by the court.  Accordingly, all Johnson-related motions and pleadings should be filed through counsel.  Striking defendant's pro se motions will have no effect on counsel's ability to file a § 2255 motion following resolution of the pending appeal.

## CONCLUSION

Accordingly, for the reasons set forth above and in light of the undersigned's recommendation that the pro se § 2255 motions be stricken, IT IS HEREBY ORDERED that the government's Motion for Clarification, for Stay of Proceedings, and in the alternative, for Extension of Time (ECF No. 1738) is DENIED as moot.

IT IS HEREBY RECOMMEDED that defendant's pro se motions, ECF Nos. 1706 and 1717, be STRICKEN without prejudice to renewal through counsel following resolution of the pending appeal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C. § 2253(c)(2).  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file

////

////

////

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 25, 2016

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE